# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0492V

SALVATORE SCIRE,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: October 28, 2025

*Phyllis Widman, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

## ENTITLEMENT DECISION[1]

On May 4, 2022, Salvatore Scire filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a caused-in-fact or significant aggravation injury, due to an influenza ("flu") vaccine he received on September 9, 2021. Petition at 1, ¶ 2. He further alleged that his shoulder injury "lasted greater than six (6) months." *Id.* at 1.

On November 15, 2024, I issued an order to show cause, finding that Petitioner had to date failed to provide sufficient evidence to meet the Vaccine Act's six-month

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

severity requirement. Order to Show Cause at 3, ECF No. 48; *see* Section 11(c)(1)(D)(i) (severity requirement). In addition, even if severity could be established, Petitioner likely would be unable to satisfy the requirements for a Table SIRVA due to the significant evidence suggesting that he experienced symptoms in his left hand, neck, and face, and also had been diagnosed with arthritis and radiculopathy. Order to Show Cause at 3; *see* 42 C.F.R. § 100.3(c)(10) (iii) & (iv) (2017) (Qualifications and Aids to Interpretation criteria related to symptom location and a viable alternative cause).

On October 28, 2025, Petitioner moved for a decision dismissing the Petition. ECF No. 59. Acknowledging that he "will be unable to prove that he is entitled to compensation in the Vaccine Program" (*id.* at ¶ 1), Petitioner stated that "to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program" (*id.* at ¶ 2). Petitioner added that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him . . . [and] will end all of his rights in the Vaccine Program." *Id.* at ¶ 3.

To receive compensation under the Program, Petitioner must prove that he received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim," as well as the Vaccine Act requirements for all Table and non-Table claims regarding the vaccination received, the duration and severity of the injury, and the lack of other award or settlement. *See* Sections 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

The record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered the residual effects of his injury for more than six months, that he can satisfy the requirements of a Table SIRVA, or prove causation-in-fact. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's motion is GRANTED. Petitioner's claim for compensation is DENIED and this case is DISMISSED for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.